**IN RE: Warren Charles BODEKER,**

* The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

**Roxsanna Ryan, the personal representative of the Estate of Warren Charles Bodeker, Debtor-Appellant,**

v.

**Christy L. Brandon, Trustee-Appellee.**

**No. 15-35212**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2017 Seattle, Washington

Filed April 25, 2017

Kevin E. Vainio, Vainio Law Office, Butte, MT, for Debtor-Appellant

Robert K. Baldwin, Attorney, Kyle W. Nelson, Goetz, Baldwin & Geddes, P.C., Bozeman, MT, for Trustee-Appellee

Before: KOZINSKI and W. FLETCHER, Circuit Judges, and TUNHEIM, Chief District Judge.*

MEMORANDUM **

Appellant Roxsanna Ryan appeals the district court's reversal of the bankruptcy court order granting Debtor Warren Charles Bodeker's motion to rescind his waiver of a homestead exemption which Bodeker agreed to as part of a stipulation. We affirm.

First, *Law v. Siegel* is not a subsequent change in the law applicable to this case because no court equitably surcharged Bodeker's homestead. *See* —— U.S. ——, 134 S.Ct. 1188, 188 L.Ed.2d 146, 1194-97 (2014). Even if *Siegel* applied, a subsequent change in law generally does not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

provide a basis for a party to rescind a stipulation. *In re Marriage of Grace*, 198 Mont. 97, 643 P.2d 1188, 1191–92 (1982); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (holding that "enforcement of settlement agreements [is] governed by principles of local law").

Second, 11 U.S.C. § 522(e) only applies to the waiver of an exemption in favor of a creditor with an "unsecured claim." Trustee-Appellee Christy L. Brandon is neither an unsecured creditor nor holds an unsecured claim. Any incidental benefit to Bodeker's creditors as a result of the stipulation does not render § 522(e) applicable to this case.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.